*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 27, 2024
10:49 AM

Plaintiff-Appellee,

v

No. 368898
Saginaw Circuit Court
LC No. 17-044002-FC

ALONTE PERTON SMITH,

Defendant-Appellant.

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant was convicted by a jury of one count of assault with intent to murder (AWIM), MCL 750.83; two counts of possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b; one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and one count of tampering with an electronic monitoring device, MCL 771.3f. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve concurrent prison terms of 40 to 50 years for AWIM; 4 to 20 years for felon-in-possession; and 2 to 15 years for tampering with an electronic monitoring device. Defendant was also sentenced to serve 5 years' imprisonment for each felony-firearm conviction, to be served consecutively to the underlying felonies. Defendant appeals his sentence by right, and we affirm.

## I. BACKGROUND

Defendant's conviction was affirmed in a prior appeal, but the case was remanded for the trial court to reinstate defendant's original sentence of 40 to 50 years' imprisonment for his AWIM conviction after the trial court erroneously increased defendant's maximum sentence under the inapplicable "two-thirds" rule in MCL 769.34(2)(b). *People v Smith*, 336 Mich App 79; 969 NW2d 548 (2021). In the prior appeal, this Court summarized the underlying crimes as follows:

Defendant shot the wrong person. Defendant and the intended victim were in rival Saginaw-area gangs, and the intended victim had recently made homophobic slurs against him in a Facebook Live video. As revenge, defendant shot the actual victim, a woman whom he mistook for the rival-gang member. . . . The victim was shot more than 10 times while seated in the front-passenger seat of

a vehicle in the driveway of her home. Although no eyewitness could identify the shooter, data from defendant's GPS tether showed that he was present at the scene when the shooting occurred. The prosecutor argued that defendant was a member of a gang and that he shot the victim after mistaking her for . . . a rival-gang member with whom he had been feuding on Facebook.

After the case was remanded, defendant was sentenced as described, and this appeal followed.

## II. DISCUSSION

Defendant argues that the 40-year minimum sentence he was given for his AWIM conviction was disproportionate to the offense and offender. We disagree.

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 178; 987 NW2d 58, (2022). A trial court abuses its discretion when it chooses a decision that "falls outside the range of principled outcomes." *People v Scott*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164790); slip op at 17 (quotation marks and citation omitted). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted).

Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Our Supreme Court recently held that within-guidelines sentences are subject to review for reasonableness; however, a within-guidelines sentence is afforded a nonbinding "presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate[.]" *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (opinion by BOLDEN, J.). "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 2 (quotation marks and citation omitted).

In regard to proportionality, the *Milbourn* Court observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system. The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment. [*People v Purdle (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 353821); slip op at 5 (quotation marks and citations omitted).]

Proportionality is "measured according to the offense and the offender, not according to the sentence's relationship to the guidelines." *Posey*, 512 Mich at 356.

Defendant's minimum sentence of 40 years' imprisonment for AWIM is within the recommended guidelines range of 225 to 750 months (18.75 to 62.5 years) and is, therefore, presumed to be proportionate. *Posey*, 512 Mich at 317, 359. Defendant argues that his within-guidelines sentence was disproportionate and unreasonably harsh. However, the trial court's decision to impose a sentence in the middle of the recommended guidelines range was support by the significant number of serious aggravating circumstances in the case. The evidence clearly showed that, by shooting the victim 11 times, defendant acted with the specific intent to kill his victim. Had defendant been successful, the evidence would have supported a conviction of first-degree murder,[1] which carries a mandatory sentence of imprisonment for life without the possibility of parole.[2] Evidence also showed that defendant acted with premeditation in response to a disrespectful Facebook Live video, defendant followed the victim in his car prior to the shooting, and defendant used the element of surprise to shoot the victim when she was completely defenseless. Moreover, the shooting was the direct result of defendant's gang affiliation, and it was committed while defendant was on parole. Finally, there was evidence that defendant wrapped his GPS tether in aluminum foil to proactively cover his tracks. Given these facts, the court was wholly justified in determining that a lower minimum sentence was not warranted.

Defendant suggests that the court "had no real guidance" when it sentenced defendant because the guidelines range—225 to 750 months—was too broad. However, this critique of the of the guidelines range does not actually address whether defendant's sentence was proportionate to him and his offense. Defendant, citing Department of Correction Statistics, suggests that defendant's sentence was unduly harsh because it was longer than the statistical average sentence for second-degree murder. This argument is unpersuasive for three reasons. First, as discussed, this offense would have been a first-degree murder had defendant succeeded in killing the victim. Second, it is unclear why defendant compares his sentence to statistical average sentence for second-degree murder given that defendant was convicted of AWIM. Third, this average presumably includes every person convicted of second-degree murder instead of those, like defendant, who were sentenced as fourth-offense habitual offenders. Defendant cites his family's criminal history and his own mental illness as mitigating factors, but these mitigating factors need to be weighed against the aggravating factors discussed earlier. Finally, defendant raises arguments regarding the tendency of "adolescent" offenders to "age out" of criminal activity, but defendant was not notably young when he committed the offense at 24 years old.

---

[1] "The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bass*, 317 Mich App 241, 265-266; 893 NW2d 140 (2016) (quotation marks and citation omitted).

[2] MCL 750.316(1).

In conclusion, the record supported defendant's sentence, and he has failed to overcome the presumption that his within-guidelines sentence for AWIM was proportionate.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett